IN THE SUPREME COURT OF THE STATE OF DELAWARE

VINCENTE R. MANISCALCO, §
§
    Defendant Below, § No. 367, 2016
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1402002044
§
    Plaintiff Below, §
    Appellee. §

Submitted: November 14, 2016
Decided: January 10, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

# **O R D E R**

This 10th day of January 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Vincente R. Maniscalco, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Maniscalco's opening brief that his appeal is without merit. We agree and affirm.

(2) In March 2014, a New Castle County grand jury charged Maniscalco with one count of Assault in the Second Degree based on the victim being a state

employee who was attempting to discharge his duty at the time of the assault, one count of Assault in the Second Degree based on the victim being sixty-two years old or older, Resisting Arrest, and Assault in the Third Degree. The charges arose from Maniscalco resisting arrest at the New Castle County Courthouse. On November 24, 2014, Maniscalco pled guilty to Assault in the Second Degree based on the victim being sixty-two years old or older, Resisting Arrest, and Assault in the Third Degree. The State entered a *nolle prosequi* on the other count of Assault in the Second Degree. As part of the plea agreement, the State agreed to recommend no more than two years of Level V incarceration.

(3) On January 13, 2015, the Superior Court sentenced Maniscalco to a total of twelve years of Level V incarceration, suspended after two years for Level III probation. The Superior Court also sentenced Maniscalco to eight years of Level V incarceration, suspended after three years for decreasing levels of supervision for Assault in the Second Degree in a different criminal action. Maniscalco did not file a direct appeal.

(4) On November 5, 2015, Maniscalco filed a motion for postconviction relief under Superior Court Criminal Rule 61. Maniscalco argued that his counsel was ineffective because he failed to investigate and use Maniscalco's brain damage as a defense, he did not object to the prosecutor mentioning previous charges against Maniscalco that had been dropped, and he did not address the prosecutor's

2

incorrect description of the incident that led to the charges in this case. After his counsel submitted an affidavit and the State responded to the postconviction motion, Maniscalco moved to amend his motion. Maniscalco sought to add a claim that his counsel was ineffective because he allowed Maniscalco to plead guilty to Assault in the Second Degree when Maniscalco was only guilty of Assault in the Third Degree.

(5) On June 1, 2016, a Superior Court Commissioner entered an order denying Maniscalco's motion for postconviction relief. Maniscalco filed a notice of appeal from the Commissioner's order. On June 28, 2016, the Superior Court adopted the order of the Commissioner and denied the motion for postconviction relief. After this Court dismissed Maniscalco's appeal from the Commissioner's order for lack of jurisdiction, Maniscalco filed a notice of appeal from the Superior Court's June 28, 2016 order.

(6) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] On appeal, Maniscalco argues that the Superior Court erred in denying his Rule 61 motion without determining whether he should be permitted to amend the motion with a claim that his counsel was ineffective for allowing him to plead guilty to Assault in the Second Degree. In our order dismissing Maniscalco's appeal of the Commissioner's order, which

---

[1] *Dawson v. State*, 673 A.2d 1186, 1190 (Del.1996).

3

had the appearance of a final order, we instructed the Commissioner and Superior Court to give Maniscalco ten days to file exceptions to the Commissioner's June 1, 2016 ruling.[2]  After the expiration of that time period, the Superior Court could conduct the required *de novo* review and issue a final order.[3]  Instead of filing exceptions to the Commissioner's ruling, Maniscalco filed a notice of appeal from the Superior Court's June 28, 2016 order.

(7)  Maniscalco proceeded as if our prior order was optional.  We gave him an opportunity to proceed in the procedurally appropriate way by presenting any exceptions he had to the Commissioner's proposed findings to the Superior Court for its consideration.  Maniscalco failed to do so.  Having failed to object to the Commissioner's report, Maniscalco has waived his objections to the report and cannot raise those objections in this appeal.[4]

(8)  Even if Maniscalco had proceeded in the procedurally appropriate way, his sole claim on appeal is without merit.  Maniscalco sought to amend his postconviction motion with a claim that his counsel was ineffective for allowing him to plead guilty to Assault in the Second Degree because the victim did not

---

[2] *Maniscalco v. State*, 2016 WL 4094064, at *1 (Del. July 7, 2016).

[3] *Id.*

[4] Super. Ct. Crim. R. 62(a)(5)(iv) (providing Superior Court judge shall make *de novo* determination of portions of Commissioner's report or specified findings or recommendations of report to which an objection is made); Super. Ct. Crim. R. 62(b) (providing that party appealing Commissioner's findings who fails to comply with provisions of Rule 62 may face dismissal of their appeal).

4

suffer serious physical injury and Maniscalco was therefore only guilty of Assault in the Third Degree. Under Rule 61(b)(6), Maniscalco's proposed amendment was not permitted as a matter of course because the State had filed a response to his postconviction motion and was not required in the interest of justice.[5]

(9) To prevail on this ineffective assistance of counsel claim, Maniscalco had to show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial.[6] Maniscalco cannot meet this standard because his claim is based on the mistaken assumption that Assault in the Second Degree requires the victim to suffer serious physical injury.

(10) Maniscalco, however, was charged with and pled guilty to Assault in the Second Degree of a victim who was sixty-two years old or older. Under 11 *Del. C.* § 612(a)(6), a person is guilty of Assault in the Second Degree when he "recklessly or intentionally causes physical injury to another person who is 62 years of age or older." Contrary to Maniscalco's contention, serious physical injury is not a required element of this crime. Maniscalco admits that the victim suffered physical injuries, even though he claims most of the injuries were

---

[5] Super. Ct. Crim. R. 61(b)(6) ("A motion may be amended as a matter of course at any time before a response is filed or thereafter by leave of court, which shall be freely given when justice so requires.").

[6] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (1988).

5

superficial. Maniscalco has therefore failed to show his counsel's conduct fell below an objective standard of reasonableness. The Superior Court did not err in denying Maniscalco's motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice